NOT FOR PUBLICATION

# FILED



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTER FOR FOOD SAFETY; CENTER FOR BIOLOGICAL DIVERSITY; SIERRA CLUB; HUMANE SOCIETY OF THE UNITED STATES; ANIMAL LEGAL DEFENSE FUND; UNITED FARM WORKERS OF AMERICA, | No. 15-17510 D.C. Nos. 4:14-cv-04932-YGR 4:14-cv-04933-YGR |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| MARGARET A. HAMBURG, Commissioner, United States Food and Drug Administration; U.S. FOOD & DRUG ADMINISTRATION, | |
| Defendants-Appellees, | |
| ELANCO US INC., | |
| Intervenor-Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 17, 2017
San Francisco, California

Before:  SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,[**] District Judge.

Appellant Center for Food Safety (CFS) appeals the district court's dismissal of its complaint alleging that the Food and Drug Administration (FDA) approval of the use of animal drugs violated the National Environmental Policy Act.  CFS contends that the district court erred in dismissing its complaint based on CFS's failure to satisfy the Administrative Procedure Act's exhaustion requirements.

The district court properly held that, under the facts of this case, the FDA should be afforded an opportunity to apply its expertise to assess CFS's claims in the first instance "prior to possible judicial intervention."  *Ctr. for Food Safety v. Hamburg*, 142 F. Supp. 3d 898, 907 (N.D. Cal. 2015).  Requiring CFS to file a citizen petition "prevents[s] premature interference with agency processes so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial

---

[**]    The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

review." *Tamosaitis v. URS Inc.*, 781 F.3d 468, 478 (9th Cir. 2015), *as amended* (citation omitted).

The district court cogently proposed to stay the proceedings to allow CFS to file a citizen petition. *See Ctr. for Food Safety*, 142 F. Supp. 3d at 910. However, the parties requested that the district court enter a final order dismissing CFS's complaint, likely in order to ensure appellate review. The district court's inclination to stay the action was spot on. *See* 21 C.F.R. § 10.25(a); *see also* 21 C.F.R. § 10.45(b) (providing that "[a] request that the Commissioner take or refrain from taking any form of administrative action must first be the subject of a final administrative decision based on a petition submitted under § 10.25(a) . . . before any legal action is filed in a court complaining of the action or failure to act").

Accordingly, the district court is directed to stay further proceedings to allow CFS to comply with the FDA's citizen petition requirement. The district court retains authority to "compel agency action unlawfully withheld or unreasonably delayed" pursuant to 5 U.S.C. § 706(1) following completion of the administrative proceedings.

**VACATED and REMANDED with directions.**